UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE BRUHN-POPIK,<br>  Plaintiff,<br>v.<br>RICHARD SPENCER as acting,<br>Secretary of the United States Navy,<br>  Defendant. | Case No.: 3:17-cv-00488-AJB-MDD<br><br>**ORDER REGARDING DESIGNATED DEPOSITION TRANSCRIPTS** |

In preparation for trial, the Court has ordered the parties to file to a joint statement of deposition designations and objections thereto. They have complied and the joint statement is on file as ECF. Doc. 133.

The designations relate to two lay witnesses identified and deposed by and proffered by plaintiff. The Court has reviewed the designations and read the entirety of the transcripts. The designated portions and objections are lengthy, and the objections are substantially sustained as described below. The Court sees little need for oral argument on these matters and sets forth below its rulings on the admissibility and form of the designations. Objections are appropriately raised under Fed. R. Civ. P. 32(b).

Whether the depositions can be read as evidence in lieu of a personal appearance at all will be based on the proponent's ability to establish witness unavailability. *See,* Fed. R.

Civ. P. 32(a)(4). That has not been demonstrated to date. If the depositions are read, it will be limited to the portions called out below.

Defendant generally objects to witnesses Cecil Hounshell and Paul Maynard on the grounds that their testimony is not relevant, unfairly prejudicial, and that Plaintiff seeks to adduce hearsay testimony or improper character evidence. FRE 401, 403, 404-05, 608, 802. Defendant also objects that the testimony does not amount to similar conduct. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).

These objections are considered in general, and as lodged throughout the Joint Statement. The Defendant frequently objects on additional basis including Fed. R. Evid. 403 and 701, among others.

These witnesses with little personal knowledge "opine" on many topics well outside the bounds of the lay opinion rule (Fed. R. Evid. 701) and in areas really covered by 702, including employment practices and military base operation and procedures. They offer little to no actual testimony concerning the issues surrounding plaintiff's employment or allegations. There unsubstantiated conjecture and conclusions are indeed objectionable.

These witnesses also delve into inappropriate character testimony about plaintiff. Plaintiff counter's that the witnesses have years of experience and knowledge to support many of the observations and opinions, and that's the problem. Rule 702 covers testimony in the form of opinions based on specialized knowledge and reliable principles. These witnesses were not designated as experts (nor could they qualify as such).

The opinions about who would or would not be subject to adverse employment actions lack foundation, lack any factual context, are based on incomplete hypotheticals, and are gratuitous and not helpful.

Rule 701 allows some "opinion" or conclusory testimony to address the problem that witnesses often find difficulty in expressing themselves in language that is not that of an opinion or conclusion." Rule 701, 1972 Advisory Committee Notes. Hence, the Rule allows people to give opinions like appearance of persons or things, identity, degrees of light, size, weight distance and the like. What is "conduct unbecoming" for example is

beyond that realm. As the Advisory Committee has stated, "if . . . attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule." *Id.*

With these comments and those made on the record on August 10, 2021, the Court sustains the objections made by counsel in ECF Doc 133, except for the passages below. For the passages below, the objections are overruled. Obviously undisputed designations may be also offered.

Mr. Hounsell:

33:2 to 35:24

38:5 to 38:11

39:10 to 39:15

46:16 to 47:20

56:8 to 56:16

69:17 to 69:25

73:19 to 73:24

83:2 to 84:5

97:3 to 97:6

98:1 to 98:4

135:19 to 135:23

91:22 to 91:24

92:3 to 92:5

94:12 to 94:17

95:10 to 95:19

95:21 to 95:23

96:4 to 96:7

96:14 to 96:16

96:21 to 96:23

98:1 to 98:7

119:1 to 119:5

Maynard

57:2 to 57:4

57:21 to 58:1

53:17 to 54:6

71:15 to 71:22

90:20 to 91:6

91:23 to 92:14 ending with "no sir."

96:18 to 97:5

66:25 to 68:3

68:4 to 68:12

68:20 to 68:25

76:5 to 77:17

80:12 to 80:19

82:12 to 83:2

90:13 to 90:18

100:18 to 101:15

145:13 to 146:25

Counsel are directed to provide redacted copies of the pages with the allowed passages, with all other matter redacted, and these copies will be used to read the testimony to the jury if the witnesses are unavailable. The redacted copies will be the official record of the testimony read and will be marked as exhibits for identification only. The Court Reporter will not otherwise record the testimony read.

**IT IS SO ORDERED.**

Dated: August 10, 2021

Hon. Anthony J. Battaglia
United States District Judge